## CHARLESTON.

### CLARK v. HAZLETT.

Submitted March 19, 1912. Decided February 11, 1913.

APPEAL AND ERROR—*Interlocutory Order.*

> A decree in a chancery cause not regularly matured for hearing, commanding certain things to be done and inhibiting the doing of others, all of which are dependent upon the same right and title, designating the prohibitive part only as an injunction, and containing a paragraph making "the injunction" conditional as to its effect, upon the giving of a bond, is interlocutory and not appealable.

Appeal from Circuit Court, Kanawha County.

Bill by James P. Clark against Charles Hazlett. Decree for plaintiff, and defendant appeals.

*Dismissed.*

*C. M. Alderson, Geo. P. Alderson,* and *Conner Hall,* for appellant.

*S. B. Avis,* for appellee.

POFFENBARGER, PRESIDENT:

To the bill of James P. Clark for an injunction, both man-

datory and prohibitive, to compel the defendant Hazlett to remove from the plaintiff's premises a pipe leading from a spring thereon across his land to the land of the defendant, a small lot on which there was a mill, in connection with which water, brought from the spring upon the plaintiff's premises to the same, was used, and to prevent the defendant from entering upon the plaintiff's premises to repair, renew or replace the pipe, or to dig up or excavate the land, the defendant tendered an answer and several affidavits, setting up title by both deed and prescription to the right to use the water and maintain the pipe for the conveyance thereof. Objections to the affidavits and so much of the answer as set up the right by prescription were sustained and the affidavits, together with the portion of the answer excepted to, were stricken out.

In some of its aspects, the decree then entered is literally final, but, in other respects, it is clearly provisional. The order says the injunction shall not take effect until the plaintiff, or some one on his behalf, shall have entered into bond with sufficient security before the clerk of the court, conditioned to pay such damages as shall be incurred by the defendant in case the injunction shall be dissolved. Though the mandatory portion thereof is in form final and upon the merits, and the prohibitive part designated as an injunction, the two parts relate to the same thing and were designed to give the relief prayed for in the bill. If the court intended the first part or mandatory portion to be final, consistency required it to make the latter portion final also, for both were dependent upon the same right and should have been made to correspond in legal effect. Notwithstanding the difference in form and designation, both parts of the order are injunctive, one mandatory and the other prohibitive. To make the prohibitive portion conditional was useless and contradictory if the other was to be absolute. Possible dissolution of the prohibitive clause was clearly contemplated and provided for, and that could not occur without destruction of the mandatory clause. Thus both parts are necessarily articulated and knit together, so as to constitute one entire and inseparable whole. Surely the court intended its decree to be consistent and just. It did not intend to give and withhold the same thing in the same words. To make the order consistent,

it is only necessary to let the word "injunction" in the conditional clause extend to the mandatory as well as the prohibitive portion. Limitation thereof to the latter runs to an absurdity, against which there is a presumption of intent. As this provision is in the decree, we must assume the court intended it to have effect and pass some benefit. Hence we conclude it did not intend the decree to be final and conclusive, but only provisional, and we regard the order as one granting an injunction.

Viewing the order as such, it is purely interlocutory and not appealable. No appeal lies from an order granting an injunction. The statute allows an appeal from one dissolving an injunction or overruling a motion to dissolve it. This order does not fall within either class, nor is it a final order, or one adjudicating the principles of the cause.

From this conclusion it follows that the appeal must be dismissed, as having been improvidently awarded.

*Dismissed.*